Filed 11/22/21  P. v. Baker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C093437 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF19-2110) |
| v. | |
| ROCKY DOUGLAS BAKER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Rocky Douglas Baker filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

Defendant punched the victim, his wife, in the back of the head and hit her with a lamp, causing a six-inch laceration on her neck.  He also bit her hand, causing a bruise.

1

The victim fled the home with their two children. When she returned to pick up items for the children, defendant sprayed her with pepper spray. The prosecution charged defendant with two counts of injuring a spouse (Pen. Code, § 273.5, subd. (a); counts I & II)[1] and one count of using tear gas (§ 22810, subd. (g)(1); count III). As to count I, the prosecution also alleged defendant personally used a deadly and dangerous weapon. (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23).)

Defendant pleaded no contest to count I in exchange for the dismissal of the other counts and the striking of the enhancement allegation. As part of the plea agreement, the court deferred sentencing and defendant entered into a six-month residential treatment program. If defendant successfully completed the program, the court would make a finding that defendant's case was unusual and sentence him to a probation term. If defendant did not complete the program, he would be sentenced up to the maximum prison term on the plea.

Defendant did not successfully complete the residential treatment program. The court sentenced defendant to the midterm of three years in state prison. Considering defendant's ability to pay, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine, which was suspended pending revocation of parole (§ 1202.45), a $250 domestic violence prevention program fee (§ 1463.27), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).[2] The trial court awarded defendant 128 actual and 128 conduct credits, totaling 256 days.

Defendant filed a notice of appeal without a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The court also initially imposed a $500 domestic violence fee. (§ 1203.097.) The court later struck the fee after defendant indicated the fee was improper.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


                                                            KRAUSE            , J.



We concur:



        HULL             , Acting P. J.



        ROBIE            , J.




3